RUSS, AUGUST & KABAT
Larry C. Russ, State Bar No. 82768
lruss@raklaw.com
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Xenon Pictures, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XENON PICTURES, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LTD ENTERPRISES DISTRIBUTION, INC., a California Corporation; ANTHONY DINGES, an individual; LIDIA DINGES, an individual; THE WALGREENS COMPANY dba WALGREENS, an Illinois Corporation; KMART CORPORATION, a Delaware Corporation; CVS CAREMARK CORPORATION dba CVS/PHARMACY, a Delaware Corporation; SUPERIOR GROCERS, INC., a California Corporation; VALLARTA SUPERMARKETS, a California Corporation; NORTHGATE GONZALEZ MARKETS, INC. dba NORTHGATE MARKETS, a California Corporation; KVMARTCO dba TOP VALU, an unknown California business entity; UKA'S BIG SAVER FOODS, INC., dba BIG SAVER, a California Corporation; UNITED GROCERS, INC. dba NUMERO UNO, a California Corporation; CARDENAS MARKETS, INC., a California Corporation; RALEY'S, a California corporation; LA BONITA MEAT MARKET, INC., dba LA BONITA, a California corporation, EXPEDIA MEDIA, LLC, a California | Case No.: CV10 6765 DMG (CWx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Hearing**<br><br>Date: January 10, 2010<br>Time: 11:00 a.m.<br>Place: Courtroom 7<br><br>Original Complaint Filed:<br>September 10, 2010 |

1

STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1<br>2<br>3 | Limited Liability Corporation; LOU CHASE, an individual; and DOES 1 - 10, inclusive,<br>                  Defendants. |

AND RELATED CROSS-ACTIONS

      **WHEREAS**, certain documents and information have been and may be sought, produced exhibited or disclosed by and between the parties in this action and related cross-actions (together, the "Action") which relate to the parties' trade secrets, financial information, competitive information, privileged information, personnel information, development or other kinds of commercially sensitive or proprietary information which the party making the production deems confidential; and

      **WHEREAS**, the parties in this Action, through their respective counsel, wish to enter a protective order preserving the confidentiality of certain documents and information and respectfully request that this Court so enter this Protective Order;

      **IT IS HEREBY STIPULATED AND AGREED THAT:**

      1.    This Protective Order shall govern the treatment of all documents, the information contained therein, and all other information produced or disclosed during the Action, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party or other person in this Action (the "producing party") to any other party or parties (together, the "discovering party"), when the foregoing are designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Action, including their respective corporate parents, successors and assigns, and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order. The term "plaintiff" in this Protective Order refers to any plaintiff, counter-claimant or cross-claimant in the Action. The term "defendant"

in this Protective Order refers to any defendant, counter-defendant, or cross-defendant in the Action.

2. "Confidential Information" as used herein means any material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the producing party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "CONFIDENTIAL," the producing party will make such designation only as to that material that the producing party believes in good faith constitutes confidential, personal, privileged or proprietary information of the producing party or which is of such a highly sensitive nature that the producing party believes in good faith that such information could be used to its detriment by the discovering party or others unless disclosure is restricted to only those persons to whom access is essential for the prosecution or defense of the Action and its use is restricted to the sole and exclusive purpose of resolving the disputed issues of fact and law in this Action.

3. Specific produced documents and interrogatory answers shall, if appropriate, be designated as "CONFIDENTIAL" by placing the legend "CONFIDENTIAL" on the first page of the document or interrogatory answer and, if less than the entire document or fewer than all of the interrogatory answers, then on the confidential portions thereof designated, prior to their production. For all multi-page documents, designation of confidentiality for all pages may be made by employing the legend "CONFIDENTIAL" on the first page only.

4. Any information contained in or related to material produced or provided in the Action for inspection is to be treated by the discovering party as Confidential Information pending the copying and delivery of any copies of same by the producing party to the discovering party.

5. Information disclosed at a deposition taken in connection with this Action may be designated as "CONFIDENTIAL" by:

    a. a producing party (or its counsel) designating testimony as "CONFIDENTIAL" on the record during the taking of the deposition; or

    b. a producing party (or its counsel) notifying all other parties in writing, within fourteen (14) calendar days of receipt of the final transcript of a deposition, that specific pages and lines of the transcript are designated as "CONFIDENTIAL", whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. To preserve a producing party's option for such specific, timely designation, the entire final transcript of a deposition is designated as "CONFIDENTIAL" for the first fourteen (14) days of receipt.

6. Confidential Information shall be disclosed by the discovering party only to the following persons:

    a. the attorneys and staff of the discovering party's counsel, subject to compliance with paragraph 12 of this Protective Order;

    b. no more than three representatives each of plaintiff and each defendant subject to compliance with paragraph 12 of this Protective Order;

    c. any non-party experts, both testifying and non-testifying, retained by plaintiff on plaintiff's side, so long as such experts agree in writing to be bound by this Order, have not been employed by any defendant(s), and counsel for plaintiff has a good faith belief after reasonable inquiry that such experts have no known or perceived conflict of interest with any defendant(s), are not in competition with any defendant(s) and will not use the Confidential Information to its competitive advantage or the disadvantage of any defendant(s), subject to compliance with paragraph 12 of this Protective Order;

d. any non-party experts, both testifying and non-testifying, retained by any defendant(s) on any defendant(s)'s side, so long as such experts agree in writing to be bound by this Order, have not been employed by plaintiff, and counsel for such defendant(s) has a good faith belief after reasonable inquiry that such experts have no known or perceived conflict of interest with plaintiff, are not in competition with plaintiff and will not use the Confidential Information to its competitive advantage or the disadvantage of plaintiff, subject to compliance with paragraph 12 of this Protective Order

e. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Action; and

f. stenographic employees and court reporters recording or transcribing testimony relating to the Action.

7. The parties may also designate a limited class of Confidential Information as "Confidential – Counsel Only." Documents so designated shall be inspected by, or described, summarized, stated or otherwise characterized or disclosed only to those persons described in paragraphs 6(a), 6(c), 6(d), 6(e), and 6(f), subject to compliance with paragraph 12 of this Protective Order.

8. Persons having knowledge of any Confidential Information produced in discovery in this Action by virtue of their participation in the conduct of the Action shall use such Confidential Information only in connection with the preparation of this Action for trial or appeal, and shall neither use such Confidential Information for any other purpose nor disclose such information or the substance thereof to any person who is not listed in paragraph 6 of this Protective Order (or, in the case of documents designated "Confidential – Counsel Only," to any person who is not listed in paragraph 7 of this Protective Order).

9. Nothing shall prevent disclosure by the discovering party beyond the terms of this Protective Order if the producing party designating the material as

5

STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

10. Any party which is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must give immediate written notice to that original producing party of such subpoena or other notice. Upon receiving such notice, the original producing party shall bear the burden to oppose compliance with the subpoena, if it deems it appropriate to do so.

11. Discovering party counsel shall take all reasonable and necessary steps to assure the security of any Confidential Information and will take all reasonable steps to limit access to Confidential Information to those persons listed in paragraph 6 of this Protective Order (or, in the case of documents designated "Confidential – Counsel Only," to any person who is not listed in paragraph 7 of this Protective Order). Confidential Information produced or provided by any producing party will be kept in the discovering party's outside counsel's possession and/or in the possession of the discovering party's outside consultants or experts or other persons entitled to receive copies of the documents pursuant to paragraph 6 or paragraph 7 of this Protective Order.

12. Prior to the disclosure of any Confidential Information to any person identified in paragraph 6 or paragraph 7 of this Protective Order (other than the Court, its staff and stenographers), discovering party or that party's counsel shall provide such person with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms, shall be maintained by outside counsel for the discovering party obtaining them and shall be made available, upon request, for

inspection by the Court in camera. Persons who come into contact with Confidential Information for clerical or administrative purposes on behalf of any person identified in paragraph 6 or paragraph 7 of this Protective Order, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

13. Any producing party may redesignate as "Confidential" or "Confidential – Counsel Only," under paragraph 3 of this Protective Order (or withdraw a designation regarding confidentiality) any material, deposition transcripts or portions thereof ("redesignated material") that it has produced or that has been provided to the parties during the course of this action, such as deposition transcripts and portions thereof; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel for the discovering party: a) shall not make any further disclosure or communication of such redesignated material except as provided for in this Protective Order; b) shall apply best efforts to give immediate notice of the redesignation and the ensuing obligations of this Protective Order to all third persons to whom the discovering party has previously disclosed such redesignated material; and c) shall apply best efforts to have such persons sign on to the certification attached as Exhibit A hereto.

14. Any party may request at any time permission to disclose Confidential Information to a person other than those permitted under paragraph 6, or if applicable paragraph 7, of this Protective Order (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the producing party's counsel. Any such request shall state the material the party wishes to disclose and to whom it wishes to make disclosure, and shall reasonably identify the purpose therefore without disclosing any attorney work product or

attorney client communications. The producing party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, facsimile transmission, or electronic mail) within ten (10) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure so to respond within such ten-day period shall constitute a denial of the request. If, where consent is withheld, the requesting party and the producing party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the producing party's designation of the material as "CONFIDENTIAL" unless and until differing treatment is directed pursuant to any order of the Court.

15. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" by serving a written objection upon the producing party's counsel. The producing party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, facsimile transmission, or electronic mail) to such objection in writing by either: (a) agreeing to remove the designation; or (b) stating the reason why the designation was made. If the objecting party and the producing party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the producing party unless and until the Court orders otherwise.

16. Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's counsel from rendering advice to his or her client(s) with respect to this Action, and in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any

other party's Confidential Information unless and other than as permitted by this Protective Order.

17. Producing party's inadvertent production of any document without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature provided the producing party redesignates said document as "CONFIDENTIAL" under the procedure in paragraph 13 above within 14 days of the party's production of that document.

18. Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall request from the Court by its Central District of California Local Rule 79-5.1 or any successor rule that the submission be filed under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, counsel shall request from the Court that the submission be filed under seal as a Sealed Document. As specified by Local Rule 79-5.1 or any successor rule, all documents, filed under seal pursuant to this Protective Order shall be filed in a sealed envelope and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the following statement which shall also appear on the sealed envelope:

**CONFIDENTIAL**

**CONTENTS HEREOF ARE CONFIDENTIAL AND ARE SUBJECT TO A COURT-ORDERED PROTECTIVE ORDER GOVERNING THE USE AND DISSEMINATION OF SUCH CONTENTS.**

19. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence.

20. Upon the conclusion of the Action, including any appeals related thereto, at the written request and option of the producing party, all Confidential Information and any and all copies thereof, shall be returned within sixty (60) calendar days to the producing party, provided, however, that counsel may retain their attorney work product and all court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the producing party or the person receiving the Confidential Information may elect to have the same destroyed. At the written request of the producing party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Confidential Information shall deliver to the producing party a letter confirming that reasonable efforts have been made to assure that all such Confidential Information and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Confidential Information (except for attorney work product and court-filed documents as stated above) have been destroyed or delivered in accordance with the terms of this Protective Order.

21. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall as soon as possible upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

22. The foregoing provisions concerning confidentiality shall only apply to pretrial proceedings and to matters provided in pretrial discovery and designated as confidential, and shall not affect the conduct of trial or of any hearing in open court. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court.

23. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court.

24. Nothing herein shall operate as an admission by any of the parties hereto that any particular material contains or reflects trade secrets, or other confidential or proprietary information.

25. By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

26. The entry of this protective order does not prevent any party from seeking a further order of this court pursuant to Rule 26(c) and/or Rule 37 of the Federal Rules of Civil Procedure.

27. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a producing party for purposes of this Protective Order.

28. Good cause exists for this Court to enter this Stipulated Protective Order because disclosure of any confidential information would likely harm the parties financially and in the operation of their businesses. Success in each party's respective industries depends in part on developing business strategies and customer lists, and making confidential business arrangements. Competitors will gain an unfair advantage over the parties if they learn the parties' confidential information such as customer lists, strategic planning, and financial information. This confidential information should be kept confidential because it reveals the parties' customers, business methods and strategy, and prices, margins, and costs. Access to this information would enable others to unfairly compete in the market and usurp the producing party(ies)'s business opportunities to the detriment of said party(ies). This Stipulated Protective Order will allow all parties to disclose

documents and information required for this litigation without risking the economic and business detriment that would result from the unprotected disclosure of confidential information to their competitors and/or the public.

IT IS SO STIPULATED.

DATED: December ___, 2010      RUSS, AUGUST & KABAT

Larry C. Russ
Nathan D. Meyer

By: _____
Nathan D. Meyer
Attorneys for Plaintiff Xenon Pictures, Inc.

DATED: December 22, 2010      LAW OFFICES OF SHULA ROTH-BARASH

By: /s/ _____
Shula Roth-Barash, Attorney For Defendant, Cross-claimant, and Counter-claimant LTD Enterprises Distribution, Inc. and Defendants Anthony Dinges, Lidia Dinges, K Mart Corporation, Walgreen Co., K.V. Mart Co., Garfield Beach CVS, LLC, Super Center Concepts, Inc., Vallarta Supermarkets, Northgate Gonzalez Markets, Inc., UKA's Big Saver Foods, Inc., and Cardenas Markets, Inc.

DATED: December 23, 2010      LAW OFFICES OF TIMOTHY BOWLES P.C

By: _____
Timothy Bowles, Attorney For Defendant, Cross-claimant, and Counter-claimant LTD Enterprises Distribution, Inc. and Defendants Anthony Dinges, Lidia Dinges, K Mart Corporation, Walgreen Co., K.V. Mart Co., Garfield Beach CVS, LLC, Super Center Concepts, Inc., Vallarta Supermarkets, Northgate Gonzalez Markets, Inc., UKA's Big Saver Foods, Inc., and Cardenas Markets, Inc.

```
 1  DATED: December 23, 2010    BRONWEN PRICE
 2                              By: /S/
 3                              Gail B. Price, Attorney for Defendant
                                Vallarta Supermarkets
 4
 5  IT IS SO ORDERED:
 6  DATED: January 11, 2011     [signature]
 7                              Hon. Carla Woehrle
 8                              United States Magistrate Judge
```

RUSS, AUGUST & KABAT

13
STIPULATED PROTECTIVE ORDER

**Exhibit "A"**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XENON PICTURES, INC., a California Corporation,<br><br>Plaintiff,<br>vs.<br><br>LTD ENTERPRISES DISTRIBUTION, INC., a California Corporation; et al<br>Defendants. | Case No.: CV10 6765 DMG (CWx)<br><br>CERTIFICATION<br><br>Original Complaint Filed: September 10, 2010 |

The undersigned hereby acknowledges that, having read the attached Stipulated Protective Order filed in this action on _____, 2010, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to and not to contest the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

_____
Date

_____
Name (typed or printed)

_____
Signature

STIPULATED PROTECTIVE ORDER